**James Lee SMITH, Plaintiff,**

v.

**M. W. SWOOPE, Individually and as Sheriff of Alleghany County, Virginia, Defendant.**

**Civ. A. No. 71–C–123–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 13, 1972.

Ralph W. Buxton, Greene, Buxton & Poindexter, Richmond, Va., for plaintiff.

C. W. Allison, Jr., and R. B. Stephenson, Jr., Stephenson, Kostel, Watson, Carson & Snyder, Covington, Va., and William R. Rakes, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Plaintiff filed this complaint on November 2, 1971 and asserts jurisdiction under 42 U.S.C. §§ 1983 and 1988, alleging the deprivation, under color of law, of his rights, privileges and immunities secured by the United States Constitution. The rights allegedly violated are those guaranteed by the First, Fourth, Fifth and Fourteenth Amendments. to the Constitution, namely, the right to freedom of speech; the right to freedom of assembly; the right to security of person and freedom from arrest except upon probable cause and with due process of law; and the right not to be deprived of liberty without due process of law. Plaintiff seeks compensatory damages in the amount of $5,000 and punitive damages in the amount of $5,000.

Defendant filed an answer on November 19, 1971, and a demurrer and amended complaint were subsequently filed. Both parties filed motions for summary judgment on October 24, 1972,

acknowledging that there is no genuine issue as to any material fact.

## FACTS

The case arises because of an alleged false arrest made by Sheriff Swoope on November 2, 1970, at the conclusion of the sale of plaintiff's car at a public auction. The events leading up to arrest are as follows: On March 31, 1970, the plaintiff, an engineering student at West Virginia Institute of Technology, was returning from spring vacation at his home in Winchester, Virginia to Montgomery, West Virginia. He was operating his 1968 Buick Sport Coupe automobile, serial number 446378B111329, after his Virginia operator's license had been revoked in January 1970, because of receipt of two speeding tickets within one year.

He was stopped again for speeding near Clifton Forge, Virginia by State Trooper Lee Roy Vess, Jr. and was taken into custody when it was determined that he was driving on a revoked permit. His car was confiscated in compliance with Sections 46.1–351, 351.1 and 351.2 of the Code of Virginia. On October 7, 1970, the Judge of the Circuit Court of Alleghany County, Virginia ordered that the plaintiff's vehicle be sold by the Sheriff of Alleghany County at a public auction and that the net proceeds of the sale, after all valid liens had been satisfied, be distributed according to law.

The auction took place on November 2, 1970 at 10:00 a. m. at the Alleghany County Courthouse in Covington, Virginia. The plaintiff appeared at the public auction prior to the sale and saw approximately six to ten other people standing there. When the plaintiff arrived at the location and noticed that other prospective bidders were also present, he began communicating with these persons, advising them that he was the former owner of the vehicle to be sold and that it was his intent to reacquire the vehicle. The plaintiff also advised the prospective bidders that he wished that they would not bid on the vehicle in competition with him.

At approximately 10:00 a. m. or shortly thereafter, the auctioneer, Mr. Claude W. Baine, assumed his position and read the Order of the Circuit Court of Alleghany County, dated October 7, 1970, requiring the defendant, as Sheriff of Alleghany County, to offer for sale at public auction the vehicle in question. When he began reading the order, he made a brief pause, and the plaintiff spoke up, identifying himself and requesting that there be no competition when he bid on the vehicle. Also, during the bidding period, the plaintiff approached competing bidders and requested that they not attempt to bid an amount higher than he was bidding. The defendant testified that "he (plaintiff) interrupted the sale on more occasions, and on one occasion, the first time I remember I called him over to the side and I asked him not to do it, that I was holding the sale under a court order." (page 13). Sheriff Swoope further testified that he again admonished plaintiff "on two or three occasions because he kept interrupting and harassing the folks that were there." (pages 13 and 14). According to Sheriff Swoope's testimony, Mr. Baine, the auctioneer, was also compelled to admonish the plaintiff several times not to interfere with the auction sale.

Plaintiff bid the highest bid of the day, $850, but Sheriff Swoope and the auctioneer conferred and determined that since the bid was lower than normal, and the auction may have been affected by the plaintiff's behavior, the bid would have to be confirmed by the Circuit Court of Alleghany County before the vehicle could be delivered. The auctioneer announced this position, and plaintiff, thinking the sale had been completed, began to address the crowd, thanking them and explaining to them the consequences of driving with a revoked license. At this point, Sheriff Swoope placed the plaintiff under arrest and charged him with breaching the peace and also with interfering with a law enforcement officer in the performance of his duties.

After the plaintiff's arrest, the Commonwealth's Attorney for Alleghany County served notice upon the plaintiff that on November 3, 1970, the plaintiff should appear and show cause why he should not be held in contempt of court for interfering with the judicial sale. The factual circumstances prompting the contempt charge were precisely the same factual circumstances which prompted the defendant to charge the plaintiff with breaching the peace and interfering with a law enforcement officer in the performance of his duties. The judge of the Alleghany County Circuit Court heard the charge and found plaintiff guilty of contempt of court. He was fined twenty-five dollars plus costs. Since the plaintiff had been convicted of contempt of court, the Commonwealth's Attorney for Alleghany County elected not to prosecute the charges brought against the plaintiff by the defendant.

By Order of the Circuit Court of Alleghany County, dated November 3, 1970, the court ordered that the judicial sale of November 2, 1970 be readvertised and reheld by the Sheriff of Alleghany County, since it appeared that the sale was not proper as a result of the plaintiff's behavior. Pursuant to the order, another sale was held on November 18, 1970, in which the vehicle in question sold for $1,450. Although the plaintiff attended the second sale, there were no further incidents.

## JUDGMENT and OPINION

Plaintiff argues that he was arrested after the sale was concluded, however, the Sheriff states that plaintiff was arrested as the auctioneer was announcing the conclusion of the sale. The court feels that this is a minor matter and would have no bearing on the outcome. The principal question is whether there was probable cause for an arrest. To determine this, the court must consider the entire record.

Plaintiff contends that he spoke to the people gathered at the sale but threatened no one. While he created public sympathy and caused poor bidding, he contends that this did not breach the peace or interfere with the Sheriff's duties. The plaintiff contends that he threatened, coerced or abused no one—that he used no violent or vulgar language. He states that the Sheriff arrested and jailed the plaintiff for activities which were constitutionally protected. The activities of plaintiff, as presented by him, did not breach the peace or interfere with the Sheriff's duty, and therefore, probable cause for an arrest did not exist.

In Beauregard v. Wingard, 362 F.2d 901 (9th Cir. 1966). at 903, the court said ". . . it should in any event be clear that where probable cause does exist civil rights are not violated by an arrest even though innocence may subsequently be established." The court further said that even if the arrest was made with actual malice, if probable cause existed, then no civil rights protected by § 1983 could be considered violated.

In Hebert v. Morley, 273 F.Supp 800 (C.D.Cal.1967), the plaintiff was arrested and charged with a criminal offense, tried and convicted, which decision was reversed on appeal. The case was dismissed when it came up for retrial. The court held that despite the dismissal, the plaintiff was deprived of no constitutional or civil rights protected by § 1983 in that probable cause existed at the time of arrest. The court said in Hebert v. Morley, supra, at 806, " 'Reasonable or probable cause is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty.' "

In Mueller v. Powell, 203 F.2d 797 (8th Cir. 1953), the court generally adhered to the principle that in § 1983 actions, the issue of the lawfulness of the arrest in question is determined under the law of the state in which the arrest is made. The court in *Mueller* concluded that if the procedure prescribed by the State of Missouri actually affords

the character of due process contemplated by the federal constitution, and is followed, there is no denial of the rights under the federal constitution. Referring to decisions of the Virginia Court, this court finds that probable cause is considered to be "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Virginia Railway & Power Company v. Klaff, 123 Va. 260, 96 S.E. 244, 246 (1918); Clinchfield Coal Corp. v. Redd, 123 Va. 420, 96 S.E. 836, 842 (1918). The test adopted by the Virginia Supreme Court is almost identical to that announced by the federal court in Hebert v. Morley, supra.

▪ With regard to the question of burden of proof, it has been held that in actions maintained under § 1983, the burden is upon the plaintiff, who is alleging the deprivation of constitutional rights, to establish the lack of probable cause at the time of his arrest. Martin v. Duffie, 327 F.Supp 960 (D.C.N.M. 1971). In *Martin*, the plaintiff had been charged with a criminal offense and subsequently the charges were dismissed on motion of the prosecuting attorney. The court in Martin stated,

> The existence or non-existence of probable cause cannot be shown through the eyes of the arrestee nor through the fact that the charges against him were later dismissed. Only through a showing of the facts under which the arresting officer acted can it be determined whether or not probable cause existed at the time of the arrest.

Martin v. Duffie, supra at 962.

▪ In determining whether probable cause existed, the applicable legal test is an objective one, similar to that used in negligence cases. If a law enforcement officer is reasonable in concluding that an arrestee is guilty of a particular offense based on facts and circumstances which are available and obvious to such an officer, then any arrest made is with probable cause and therefore lawful. The authorities are clear that a dismissal of charges or an acquittal after an arrest are not dispositive of the lawfulness of the arrest itself. Indeed, such a disposition in favor of the arrestee is actually irrelevant on the issue of whether an arrest was either with or without probable cause.

▪ Although plaintiff submits that he was arrested without probable cause, he never contended that his conviction for contempt of court was improper or unjustified. The plaintiff acted in an improper manner at the judicial sale, and was warned several times by both the Sheriff and the auctioneer. His actions "chilled" the bidding, as reflected by the auction two weeks later, where the sale price for the same car was $600 higher. His conviction for this behavior indicates that the Alleghany County Circuit Court found probable cause for his arrest. It has never been contended that the criminal behavior for which the plaintiff was convicted was any different from that behavior which resulted in his arrest and his being charged with breaching the peace and interfering with a law enforcement officer in the discharge of his lawful duties.

This court feels that plaintiff's behavior certainly was disruptive of Sheriff Swoope's official duties, which he was ordered to perform by the judge of the Circuit Court of Alleghany County. The judicial sale was set aside by the Circuit Court of Alleghany County because of this disruption and the plaintiff was convicted for his disruptive behavior. Accordingly, it has been judicially determined that not only was there probable cause that the plaintiff was guilty of an offense, but that beyond a reasonable doubt he was guilty. This court holds that the contempt charge on which he ultimately was found guilty flowed from the same set of actions for which he initially was arrested. We believe that there was probable cause for Sheriff Swoope to make the arrest "in light of the circumstances of the moment as

viewed through his eyes." Martin v. Duffie, supra, at 962.

Accordingly, summary judgment should be and hereby is granted in favor of the defendant, and plaintiff's action is ordered dismissed, and each party shall bear their own costs.